| 18/7HS | **DELIVERY PACKAGE - VEHICLE DELIVERY ADDENDUM (Lease)** | Page 1 of 3 | **L-64** |
|---|---|---|---|
| **DEALER** | Deerfield Automotive | **DELIVERY DATE:** | 10/08/2018 |
| **LESSEE** | TODD S GREENBAUM | **MILEAGE** | 24 |
| **PURCHASE VEHICLE** | KMHH35LE6JU067691 | **ID #** | |

## ADDENDUM

THIS ADDENDUM (the "Addendum") is attached to and shall modify and form a part of that certain LEASE AGREEMENT (in either event the "Lease Agreement") previously executed between Deerfield Automotive ("Dealer") and Lessee above concerning the above described Vehicle (the "Vehicle");

### RECITALS:

A. Lessee and Dealer have entered into that certain lease order, setting forth certain terms and conditions pertaining to the delivery and lease of the Vehicle (the "Lease Order"), the terms of which deemed fully incorporated herein.

B. Lessee and Dealer have entered into the Lease Agreement, pursuant to which Dealer has agreed to assign all of its right title and interest in the Lease Agreement, and the Vehicle, to the assignee designated in the Lease Agreement (the "Lessor"), and Lessee has agreed to lease the Vehicle from the Lessor.

C. Lessee understands and agrees that (i) Dealer is not a lender or financial institution and does not lend money, lease vehicles, or accept monthly payments, (ii) that Dealer intends to assign the Lease Agreement to Lessor as provided in the Lease Agreement; and (iii) that the Lease Agreement is conditioned upon the acceptance of the Lease Agreement and the terms set forth therein by Lessor. Lessee acknowledges that Seller is not obtaining an extension of credit for or on behalf of Lessee, and that Lessee has not paid any fee or any other type of consideration to Dealer for submitting the Lease Agreement to Lessor.

D. Lessee desires to take immediate possession of the Vehicle with the understanding that Dealer has not been paid in full for the Vehicle and that Final Approval for leasing the Vehicle has not been obtained. "Final Approval" means that the Lease Agreement has been accepted by Lessor and that Dealer has been paid in full for the Vehicle.

E. Lessee has obtained insurance to cover liability and property damage to any third party and for any damage to the Vehicle up to its replacement value while Lessee possesses and/or uses the Vehicle, as required by the Lease Agreement. Lessee agrees such insurance will be the primary insurance for any claims arising from or related to Lessee's use or possession of the Vehicle regardless of when such claims are asserted.

F. In consideration for Dealer permitting Lessee to take immediate delivery of the Vehicle prior to Dealer receiving Final Approval. Lessee agrees and understands that delivery of the Vehicle to Lessee and Lessee's possession of the Vehicle is conditioned upon and subject to Lessee obtaining Final Approval from Lessor.

G. Lessee understands that it may take several days for Lessor to verify its credit and either give Final Approval to the Dealer, or reject the assignment of the Lease Agreement. In the event Lessor rejects the Lease Agreement on the terms set forth therein, but instead proposes different leasing terms, then Lessee may elect to either (i) return the vehicle and the Lease Agreement shall be terminated, or (ii) enter into a new Lease Agreement reflecting the new terms proposed by the Lessor. If the Lessor accepts the Lease Agreement, then the Dealer's right to cancel set forth herein shall automatically terminate.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

### AGREEMENT

1. **Recitals.** The above recitals are true and correct and incorporated into this Agreement by this reference.

2. **Authorization to Use Vehicle.** Lessee is authorized to take possession of and use the Vehicle pending Final Approval or until such time as the Lease Agreement is terminated as provided herein.

3. **Assignment of Lease Agreement.** Dealer will submit the Lease Agreement to Lessor in an effort to secure Final Approval for the Vehicle and the Lease Agreement. In the event the Lessor does not accept the Lease Agreement, Dealer may attempt to obtain financing from other leasing companies. If neither the Lessor nor any other leasing company provides Final Approval, then Dealer will terminate the Lease Agreement and Lessee shall return the Vehicle to Seller, as provided in Section 7 herein.

4. **Ownership of the Vehicle; Risk of Loss.** The Vehicle shall remain the property of Dealer until the Final Approval has been obtained. Lessee shall not have any ownership rights in the Vehicle until the Lease Agreement has been assigned to Lessor and Dealer has been paid in full for the Vehicle. Notwithstanding the preceding sentence, Lessee agrees that while the vehicle is in Lessee's possession, all terms of the Lease Agreement, including those relating to the use of the Vehicle, are in full force and Lessee assumes all risk of loss or damage to the Vehicle. Lessee shall pay all reasonable costs for repair of any damage done to the vehicle while in Lessee's possession, pursuant to the Lease Agreement, or at the time the Vehicle is returned to Dealer as provided herein, as applicable.

5. **Amounts Payable to Dealer Upon Return of Vehicle.** In the event the Lease Agreement is terminated and Lessee returns the Vehicle as provided herein, Lessee shall immediately pay Dealer the following amounts, which may be set-off against any amounts being returned to Lessee from Dealer:

    (a) $0.30 for each mile above the number of miles indicated on the Vehicle's odometer at the time Lessee took possession of the Vehicle, and
    (b) The cost of repair for any damage to the Vehicle sustained while in Lessee's possession (reasonable wear and tear excepted), and

Dealer Initials: H-E  Lessee Initials: [signature]

DEFENDANT'S EXHIBIT B

| 12/7/16 | **DELIVERY PACKAGE - VEHICLE DELIVERY ADDENDUM (Lease)** | Page 2 of 3 | **L-64** |

(c) The cost to recover the Vehicle including repossession fees, attorney fees, etc.

6. **Default.** In addition to those items enumerated in the Lease Agreement as defaults, if Lessee fails to return the Vehicle to Dealer as required herein or fails to pay Dealer the amounts due under Section 5 above, Lessee shall be in default of this Agreement and the Lease Agreement.

7. **Right to Cancel Lease Agreement and Repossess the Vehicle.**

   (a) Dealer agrees to deliver the Vehicle to Lessee on the date that the Lease Agreement is signed by Dealer and Lessee. Lessee understands that it may take a few days for Dealer to verify Lessee's credit, locate financing for Lessee on the exact terms shown on the front of this Lease Agreement, and to assign the Lease Agreement to a lessor/financial institution. Lessee agrees that Dealer has the number of days set forth in the Dealer's Right to Cancel section of the Lease Order to assign the Lease Agreement to any one of the financial institutions with whom Dealer regularly does business, and Lessee agrees that if Dealer is unable to assign this contract within the aforementioned time period to any one of the financial institutions with whom Dealer regularly does business under an assignment acceptable to Dealer, then Dealer may cancel the Lease Agreement. Dealer's right to cancel the Lease Agreement ends upon assignment of same.

   (b) If Dealer elects to cancel per this Section 7, then Dealer will give Lessee written notice (or notice in any other manner in which actual notice is given to Lessee). In that event, Lessee may have the option of negotiating and signing a new contract with different financing terms (for example, a larger down payment, higher annual percentage rate, required co-signer, etc.), or Lessee may pay with alternate funds arranged by Lessee.

   (c) Upon receipt of the notice of cancellation from the Dealer, Lessee must return the Vehicle to Dealer within forty-eight (48) hours, and in the same condition as when the Vehicle was sold to Lessee, other than reasonable wear for the time Lessee had the Vehicle. Except as described below, Dealer must give Lessee back all consideration Dealer has received from Lessee in connection with the Lease Agreement.

   (d) If Lessee does not return the vehicle within forty-eight (48) hours after receipt of the notice of cancellation, Lessee agrees that Dealer may use any lawful means to take it back (including repossession if done peacefully) and Lessee will be liable for all expenses incurred by Dealer in taking the Vehicle from Lessee, including reasonable attorneys' fees and costs. If Lessee fails to return the Vehicle within forty-eight (48) hours after receipt of the notice of cancellation, Lessee further agrees to pay Dealer charges set forth in the Dealer's Right to Cancel section of the Lease Order, in addition to any other applicable charges provided therein or herein.

   (e) While the Vehicle is in Lessee's possession, all terms of the Lease Agreement, including those relating to use of the Vehicle and insurance for the Vehicle, are in full force and Lessee assumes all risk of loss or damage to the Vehicle. Lessee must pay all reasonable costs for repair of any damage done to the Vehicle while the Vehicle is in Lessee's possession. Dealer may deduct from any consideration due to Lessee under this section, Dealer's reasonable costs to repair the Vehicle and any daily charges Lessee incurs if Lessee fails to return the Vehicle within forty-eight (48) hours after receipt of the notice of cancellation. If Dealer cancels the Lease Agreement, the terms of this right to cancel provision (including those in the Lease Agreement) shall remain in full force and effect, even after Lessee no longer has possession of the Vehicle.

8. **Trade-In.** In the event Lessee has traded in a Vehicle (the "Trade-In") towards the lease of the Vehicle, then Lessee hereby authorizes Dealer to sell Lessee's trade-in Vehicle prior to the consummation of the sale or transfer of the newly acquired Vehicle to Lessee. Dealer shall upon Lessee's return of the Vehicle to Dealer, (a) return the Trade-In to Lessee if the Trade-in has not been sold; or (b) if the Trade-in has been sold, refund to Lessee the amount actually received by Dealer in such sale of the Trade-in, less (a) a selling commission equal to 15% of the sales price of the Trade-in, (b) any over allowance on any vehicle traded in by the purchaser of the Trade-in, (c) any amounts paid by Dealer to satisfy any liens or encumbrances on the Trade-in; (d) any expenses incurred by Dealer to prepare the Trade-in for sale, and (e) any other amounts owed by Lessee to Dealer or which Dealer is otherwise entitled to offset under any other provision of this Addendum or other document forming a part of the Delivery Package. Lessee acknowledges and agrees that Dealer's return of the Trade-in or payment under this Section 8 shall be deemed to be full restoration of the consideration provided to Seller for the Trade-in that Lessee traded towards the lease of the Vehicle. Dealer shall have such additional rights and remedies concerning the Trade-in, as set forth in the Lease Order.

9. **Attorneys' Fees.** In the event Dealer retains legal counsel to enforce its rights under this Agreement, Lessee shall reimburse Dealer for all of such fees, costs and expenses.

10. **Arbitration.** It is the intent of the parties hereto that any dispute between such parties be settled through arbitration. To the extent that the Lease Agreement does not contain an arbitration provision, the arbitration provision in this section shall apply.

    (a) EITHER DEALER, OR LESSEE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN THE PARTIES HERETO DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

    (b) IF A DISPUTE IS ARBITRATED, LESSEE WILL GIVE UP ITS RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM LESSEE MAY HAVE AGAISNT DEALER, INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDIUAL ARBITRATIONS.

    (c) DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT THE PARTIES WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

    (d) Any claim or dispute whether in contract, tort, statute, or otherwise (including the interpretation and scope of this arbitration provision, and the arbitrability of the claim or dispute) between Lessee and Dealer, or Dealer's officers, employees, agents, successors, or assigns, which arises out of or relates to Lessee's credit application, lease, or condition of the Vehicle, the Lease Order, the Lease Agreement or this Addendum, or any resulting transaction or relationship (including any such relationship with third parties who do not sign such documents) shall, at Lessee's

Dealer Initials: _____                                                                                      Lessee Initials: _____

12/77/6 **DELIVERY PACKAGE - VEHICLE DELIVERY ADDENDUM (Lease)**   Page 3 of 3   **L-54**

or Dealer's election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this arbitration provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. Lessee hereby expressly waives any right Lessee may have to arbitrate a class action. Lessee may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to Dealer's approval. Lessee may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website. Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which Lessee resides unless the Dealer is a party to the claim or dispute, in which case the hearing will be held in the federal district where this Addendum was executed. Dealer will pay Lessee's filing, administration, service, or case management fee and Lessee's arbitrator or hearing fee all up to a maximum of $5,000.00, unless the law of the rules of the chosen arbitration organization require Dealer to pay more. The amount Dealer pays may be reimbursed in whole or in party by decision of the arbitrator if the arbitrator finds that any of Lessee's claims are frivolous under applicable law. Each party shall be responsible for its own attorney, expert, and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this arbitration provision, then the provisions of this arbitration provision shall control. Any arbitration under this arbitration provision shall be governed by the Federal Arbitration Act (9 U S C § 1 et. Seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

(e) Dealer and Lessee retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither Lessee nor Dealer waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This arbitration provision shall survive any termination, payoff, assignment, or transfer of the Lease Agreement. If any part of this arbitration provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration provision shall be unenforceable.

11. **Governing Law; Jurisdiction; Venue.** This Addendum shall be governed by, construed under, and enforced in accordance with the laws of the State of Florida, including all matters of construction, validity and performance. Any action to enforce or interpret the terms of this Addendum shall be instituted and maintained in the county where this Addendum was executed by Dealer. If for any reason the it is determined that the any dispute or claim between the parties is not eligible for arbitration, then Lessee hereby consents to the exclusive jurisdiction of the state or federal courts located in the County where Dealer's facility is located and waives any objections to such exclusive jurisdiction; and Lessee also knowingly and voluntarily **WAIVES LESSEE'S RIGHT TO TRIAL BY JURY** in any legal action arising out of this transaction as its subject matter. Lessee hereby expressly authorizes the Dealer to execute a Writ of Replevin to recover the Vehicle prior to arbitration.

12. **Right to Offset.** In addition to any other rights or remedies Dealer may have, Dealer shall be entitled to withhold from any amounts payable to Lessee (including, without limitation, any amounts owed to Lessee under Sections 7 or 8 of this Addendum and any down payment delivered by Lessee to Seller in connection with the Lease Agreement) whether under this Addendum or otherwise, the amount of any and all liabilities, losses, damages, injuries, costs, expenses and reasonable counsel fees: (a) due to Dealer in connection with this Addendum, and (b) which are incurred by Dealer in connection with enforcing its rights under this Addendum or the Lease Agreement.

13. **Buyer's/Lessee's Representations, Warranties and Covenants.** Lessee represents and warrants that all information contained in Lessee's credit application is true, correct and complete and Lessee acknowledges and agrees that Dealer has delivered possession of the Vehicle to Lessee in reliance on Lessee's representations contained herein.

14. Lessee understands and the parties hereto agree that Seller is not a lender nor a leasing company and that any lease agreement signed by Lessee which identifies Dealer as "Lessor" is meant solely for purposes of assignment to Lessor, a lender or leasing company and that Dealer is not the lessor.

15. Lessee understands and acknowledges that Lessee does not have to obtain financing for the Vehicle through Dealer. Lessee understands that there are other finance and leasing companies, not identified at the dealership, which provide vehicle financing and may offer financing at lower rates and on better terms than the rates and terms quoted by Dealer on behalf of certain lessors. Lessee acknowledges and understands that the financial institutions whose rates are quoted by Dealer may provide some compensation to Dealer relating to the loan or other financing obtained by Lessee from such lessor or lender.

16. In the event of any conflict between the terms and conditions of the Lease Agreement and the terms and conditions of this Addendum, the terms and conditions of this Addendum shall take precedence and control. Additionally, the information provided on the window form for the Vehicle is part of the Lease Order and shall override any contrary information contained herein or in the Lease Order.

I have received fully executed copies of this Addendum as well as the Lease Agreement referred to above. I have read each of these documents, including the Lease Order, and I agree to all of the terms contained herein and therein.

Lessee's Signature _____   Date: 10/08/2018
Co-Lessee's Signature _____   Date: 10/08/2018
Dealer's Signature _____   Date: 10/08/2018